COMMONWEALTH OF KENTUCKY, Appellant,

v.

Steve PLOWMAN, Appellee.

No. 2001–SC–0478–DG.

Supreme Court of Kentucky.

Sept. 26, 2002.

A.B. Chandler III, Attorney General, Vickie L. Wise, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

Elizabeth Shaw, Richmond, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals affirming an order of the Estill Circuit Court which dismissed a criminal indictment charging Plowman with second-degree arson.

The sole question is whether a bulldozer is a vehicle for purposes of the arson statutes, KRS 513.010 et seq.

Plowman was indicted for second-degree arson. The indictment charged that he started a fire with the intent to destroy or damage a bulldozer owned by another, contrary to KRS 513.030. After hearing oral arguments, the circuit judge granted the pre-trial motion by Plowman to dismiss the indictment. The circuit judge examined the plain meaning of the words "bulldozer" and "vehicle," and held that the bulldozer involved in the charge was not a vehicle covered by the arson statute. The Court of Appeals affirmed for the same reason but also found that the policy and purpose of the statutes as well as the

doctrine of *ejusdem generis* supported the conclusion of the circuit judge. This Court granted discretionary review.

■ It is well settled that the interpretation of a statute is a matter of law. Accordingly, a reviewing court is not required to adopt the decisions of the trial court as to a matter of law, but must interpret the statute according to the plain meaning of the act and in accordance with the legislative intent. *Commonwealth v. Montague*, Ky., 23 S.W.3d 629 (2000). The seminal duty of a court in construing a statute is to effectuate the intent of the legislature. *Commonwealth v. Harrelson*, Ky., 14 S.W.3d 541 (2000).

KRS 513.030 defines second-degree arson as follows:

(1) A person is guilty of arson in the second degree when he starts a fire or causes an explosion with intent to destroy or damage a building:

(a) Of another; or

(b) Of his own or of another, to collect or facilitate the collection of insurance proceeds for such loss.

(2) In any prosecution under this section, it is a defense that:

(a) No person other than the defendant had a possessory or proprietary interest in the building, or, if other persons had such an interest, all of them consented to the defendant's conduct; and

(b) The defendant's sole intent was to destroy or damage the building for a lawful purpose.

(3) Arson in the second degree is a Class B felony.

KRS 513.010 provides for the following definition of building:

"Building," in addition to its ordinary meaning, specifically includes any dwelling, hotel, commercial structure, automobile, truck, watercraft, aircraft, trailer, sleeping car, railroad car, or other structure or vehicle, or any structure with a valid certificate of occupancy.

■ An unambiguous statute is to be applied without resort to any outside aids. *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985). *See also Gateway Construction Co. v. Wallbaum*, Ky., 356 S.W.2d 247 (1962). This Court has repeatedly held that statutes must be given a literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required. *See McCracken County Fiscal Court v. Graves*, Ky., 885 S.W.2d 307 (1994); *Commonwealth v. Shivley*, Ky., 814 S.W.2d 572 (1991). KRS 446.080 provides for a liberal construction of statutes with the view to promote their objects and to carry out the intent of the legislature. All words and phrases shall be construed according to the common and approved usage of language. *Cf.* 446.080(4). Here, the language of KRS 513.010 is clear and unambiguous when considered in its expansive content and no further interpretation is required. Although dictionary definitions can sometimes offer guidance as to statutory construction, they are not conclusive. The predominant element is the legislative intent.

We find the concurring opinion of Judge Paul Gudgel in *Commonwealth v. Cross*, Ky.App., 769 S.W.2d 63 (1988), particularly illustrative of the proper approach in this case.

■ KRS 513.010, as originally enacted in 1974, defined a "building" for purposes of the arson statutes as including, in addition to the ordinary meaning, the following property:

... structure, vehicle, watercraft or aircraft:

(a) Where any person lives; or

(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

(c) Which is used for overnight accommodation of persons.

In 1982, the legislature amended this definitional statute to provide for the current definition as set out previously in this opinion. The amended statute expanded the types of vehicles qualifying as "buildings" for purposes of the arson statutes by deleting the requirement that any such vehicle be used as a residence, meeting place or for overnight accommodation. Clearly, the legislature intended for the word building to be interpreted with an expansive view.

It is also clear that the 1982 amendment by the legislature has almost completely changed the arson statutes. For that reason, it was improper in this case for the Court of Appeals to rely on the 1974 commentary to the arson statutes to interpret its policy and purpose. The definitional statute does not place a limitation on the purpose for which the vehicle is used in order to determine if the conveyance is a vehicle.

The defining statute of the 1974 law considered arson as more of an offense against person than property. In the 1982 version of the arson law, there is not even a reference to "places where people live or assemble" as contrasted with the 1974 law. *Cf.* Lawson & Fortune, *Kentucky Criminal Law* § 12–16 (1998).

■ It is totally unnecessary to employ the doctrine of *ejusdem generis,* which is a Latin phrase indicating the same kind or class. The phrase is used as a tool of construction when a general word or phrase follows a list of specific persons or things. The general word or phrase will be interpreted to include only persons or things of the same type of those listed. Here, the statute in question has been legislatively expanded to include "or other structure or vehicle." The intent of the General Assembly is clear.

After considering both the plain meaning of the words and the legislative intent, we must conclude that the interpretations of the Court of Appeals and the circuit judge were in error. As a matter of law, we hold that a bulldozer is a "vehicle" *within the definition of a "building" under* KRS 513.010 for purposes of the arson statutes.

It is the decision of this Court that the word "vehicle" as used in KRS 513.010 and the arson statutes, includes "bulldozer." The opinion of the Court of Appeals is reversed, and this case is remanded to the circuit court in order to reinstate the indictment.

LAMBERT, C.J., GRAVES and JOHNSTONE, JJ., concur.

KELLER, J., dissents by separate opinion joined by COOPER and STUMBO, JJ.

KELLER, Justice, Dissenting.

I respectfully dissent from the majority opinion and would affirm the Court of Appeals because I subscribe to the less-than-radical notion that a bulldozer is not a "building"—certainly not in common everyday parlance, but, for the purposes of this appeal, not even under the KRS 513.010 definition of "building" that some observers have aptly characterized as "frighteningly expansive."[1] Although the majority opinion properly frames the in-

---

1. ROBERT G. LAWSON & WILLIAM H. FORTUNE, KENTUCKY CRIMINAL LAW, § 12–6(b)(1) at 478 (LEXIS 1998).

quiry before the Court as a question of law requiring a determination of the General Assembly's intent, I disagree with the majority's conclusion that a bulldozer constitutes a "vehicle" under KRS 513.010 and, thus, a "building" for the purposes of Kentucky's arson statutes. I believe that the trial court and the Court of Appeals properly determined that a "vehicle" is commonly defined as a means of transporting persons or property and that both courts correctly concluded that bulldozers do not fall within the KRS 513.010 "or other . . . vehicle" language because bulldozers perform functions distinct from transportation.

In the outset, I observe that I find it exceedingly difficult to track the reasoning supporting the majority's conclusion. Although the majority holds that KRS 513.010's "or other . . . vehicle" language includes bulldozers, the majority gives little indication of how it reached this conclusion and even less indication of what the majority believes the General Assembly intended by its use of the word "vehicle." Specifically, I observe that the majority neither defines "vehicle" or makes any effort to illuminate the meaning of that term. In fact, other than a passing reference to some undefined "plain meaning of the words" and four (4) uses of the term "expansive" or some derivation thereof, the majority opinion offers no explanation of how the language of KRS 513.010 displays legislative intent that supports the majority's conclusion that the General Assembly intended to provide a ten (10) to twenty (20) year prison sentence for a person who sets a bulldozer ablaze with the intent to destroy it. Rather than attempt to "shad-

ow box" with a majority interpretation no more concrete than "whatever 'vehicle' means, it includes bulldozers," I will attempt to demonstrate that: (1) the majority's ambiguous interpretation of "vehicle" is inconsistent with that word's common and ordinary meaning; and (2) the definition of "vehicle" that excludes bulldozers utilized by the trial court and the Court of Appeals is more consistent with the word's ordinary and contextual meaning.

While I do not question the premise that the General Assembly's 1982 amendments reflect an expansion of the scope of the Kentucky Penal Code's arson provisions, the result in this case turns on whether *through the language in KRS 513.010*—specifically, the word "vehicle"—the General Assembly intended to define "building" in a manner inclusive of bulldozers. And, unless bulldozers fall within the scope of the KRS 513.010 "or other . . . vehicle" language, no amount of "expansive intent" will permit the conclusion that the indictment at issue alleges facts that would constitute Second–Degree Arson. Taking note of the presumption that statutes are written "using words with common and everyday meanings"[2] and the legislature's direction to construe its enactments "according to the common and approved usage of language,"[3] I believe an examination of the ordinary meaning of "vehicle" leaves a gaping hole in the majority's suggestion that its conclusion is supported by the language of KRS 513.010.[4]

The word "vehicle" stems from the Latin noun "vehiculum" and the Latin verb "vehere," meaning "to carry." Thus "vehicle" is defined denotatively as "a device or

---

**2.** KRS 446.015.

**3.** KRS 446.080(4). *See also Kentucky Unemployment Ins. · Co. v. Jones,* Ky.App., 809 S.W.2d 715, 716 (1991) ("When there is no specific statutory definition, words of a statute

shall be construed according to their common and approved usage.").

**4.** Majority Opinion, 86 S.W.3d 47, 50 (2002) ("After considering . . . the plain meaning of the words . . . .").

structure for *transporting persons or things;* a conveyance"[5] or "[t]hat in or on which any person is, or may be carried ...; a means of conveyance; specifically, a means of conveyance upon land"[6] or "[s]omething used as an instrument of conveyance; any conveyance *used in transporting passengers or merchandise* by land, water, or air."[7] In statutes addressing subjects such as the transportation of hazardous materials,[8] motor vehicle licensing,[9] traffic regulations,[10] emissions control,[11] and the transportation of alcoholic beverages,[12] the Kentucky General Assembly has defined "vehicle" in accordance with its denotative meaning. And, significantly, the General Assembly also has excluded construction equipment from the scope of some of its definitions of "vehicle."[13] While I do not suggest that it would be appropriate to apply definitions from other statutes to KRS 513.010's use of the term "vehicle," I believe the General Assembly's consistent use of the common and ordinary definition of "vehicle" creates a presumption that it intended the ordinary meaning when it used "vehicle" in KRS 513.010.

In contrast to a "vehicle" used to transport persons or goods, a bulldozer is "[a] heavy, driver-operated machine for clearing and grading land, usually having continuous treads and a broad hydraulic blade in front."[14] Other than pushing dirt,

---

5. AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed.2000) (emphasis added).

6. WEBSTER'S REVISED UNABRIDGED DICTIONARY (1988).

7. BLACK'S LAW DICTIONARY (7th ed.1999) (emphasis added).

8. KRS 174.405(6) (" 'Vehicle' means any device or contrivance for carrying or conveying persons, property, or substances, including conveyance by highways or by airway.").

9. KRS 186.010(8)(b) (" '[V]ehicle' means every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting devices moved by human and animal power or used exclusively upon stationary rails or tracks, or which derives its power from overhead rails.").

10. KRS 189.010(19)(a) (" 'Vehicle' includes: 1. All agencies for the transportation of persons or property over or upon the public highways of the Commonwealth; and 2. All vehicles passing over or upon the highways.").

11. KRS 224.20–710(7) (" 'Vehicle' means any automobile or truck registered in this Commonwealth ... and used upon the public highways of the Commonwealth for the purpose of transporting persons or property.").

12. KRS 241.010(45) (" 'Vehicle' means any device or animal used to carry, convey, transport, or otherwise move alcoholic beverages or any products, equipment or appurtenances used to manufacture, bottle, or sell these beverages.").

13. *See* KRS 186.010(8)(a):

"Vehicle" as used in KRS 186.020 to 186.260, includes all agencies for the transportation of persons or property over or upon the public highways of this Commonwealth and all vehicles passing over or upon said highways, *excepting road rollers, road graders,* farm tractors, *vehicles on which power shovels are mounted, such other construction equipment customarily used only on the site of construction and which is not practical for the transportation of persons or property upon the highways,* such vehicles as travel exclusively upon rails, and such vehicles as are propelled by electric power obtained from overhead wires while being operated within any municipality or where said vehicles do not travel more than five (5) miles beyond the city limit of any municipality.

*Id.* (emphasis added). *See also* KRS 189.010(19)(b).

14. AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed.2000).

brush, and other debris around, bulldozers serve no meaningful transportation function. Thus, in the two (2) Kentucky statutory provisions specifically referencing bulldozers, the word "vehicle" does not appear, and bulldozers are instead mentioned alongside graders and earth movers in the context of capital construction projects [15] and grouped with backhoes and draglines as "heavy equipment." [16] Thus, the trial court properly concluded that "[b]ased on the plain meaning of the word, it does not appear that 'bulldozer' falls within the definition of 'vehicle' when given its ordinary meaning." The majority opinion offers no justification for its undefined, but apparently other-than-its-common-usage, interpretation of "vehicle." In any event, however, the denotative meaning of "vehicle" compels not the result reached by the majority, but instead the opposite conclusion reached by the courts below.

Although the majority finds no need to apply the rules of statutory interpretation to KRS 513.010 because it believes that "the language of KRS 513.010 is clear and unambiguous when considered in its expansive content," [17] KRS 513.010 may not be as "unambiguous" as advertised. First, and foremost, ambiguity is inherent when people can reach different reasonable interpretations regarding the meaning of language, and the litigants in this case and the Kentucky judiciary clearly do not agree on the meaning of "vehicle" in this statute. Second, KRS Chapter 513 itself contains no definition of "vehicle," and thus, in order to determine what the General Assembly intended by its use of that term, this Court necessarily must perform an interpretive function. Third, patent re-

dundancies in the KRS 513.010 definition—e.g., "dwelling, hotel, commercial structure . . . or other structure . . . or any structure with a valid certificate of occupancy" [18]—belie the majority's attempt to label the statute unambiguous and suggest that the definition was cobbled together without substantial attention to internal coherence. Finally, while the majority opinion cites Professors Lawson and Fortune's treatise for another proposition, the majority's suggestion that its "bulldozer is a building" conclusion is soundly supported by clear legislative intent suggests that the majority has overlooked those authors' broader criticism that Kentucky's arson provisions "are poorly written and obscure . . . and have no unifying philosophy (at least none that is apparent on the surface)." [19]

In the face of such ambiguity, courts commonly turn to principles of statutory construction. Because the majority opinion fails to disclose its operational definition of "vehicle," however, I find it difficult to apply accepted standards of statutory interpretation to distinguish between the competing alternative interpretations. However, I would make two (2) observations: (1) the majority goes to great lengths—and by "great lengths" I mean repeated assertions that the statute is "unambiguous" and claims that "[t]he intent of the General Assembly is clear"—to suggest that the doctrine of *ejusdem generis* has no relevance to the issues at hand; and, unsurprisingly, (2) an application of *ejusdem generis*—a principle of statutory interpretation that preferences contextual or connotative meaning—supports the definition of the term "vehicle" utilized by the

---

**15.** KRS 45.750(3)(d).

**16.** KRS 224.16–070(2)(b).

**17.** Majority Opinion, *supra* note —— at 49.

**18.** KRS 513.010.

**19.** LAWSON & FORTUNE, *supra* note 1 at § 12–6(a)(3) at 477.

courts below and urged in this dissenting opinion. Under the doctrine of *ejusdem generis*, "broad and comprehensive expressions in an act such as, 'and all others,' or 'any others,' are usually to be restricted to persons or things of the same kind or class with those specifically named in the *preceding* words." [20] Thus, in KRS 513.010, all of the non-structural items defined as "buildings"—i.e. automobiles, trucks, watercraft, aircraft, trailers, sleeping cars, and railroad cars—illustrate the context of "or other . . . vehicle." Significantly, each of the specifically-named items is a "vehicle" in the ordinary meaning of that term—i.e., an instrument for transporting persons or property. Accordingly, I believe that the more reasonable interpretation of KRS 513.010's "any other . . . vehicle" language is that the language refers to "vehicle" in its plain meaning—i.e., a means of transporting persons or goods—rather than some nebulous (but other-than-ordinary) definition of "vehicle" that would include construction equipment not used to transport persons or goods. This interpretation of "vehicle" places bulldozers outside the scope of Chapter 513.[21]

For the reasons outlined above, I dissent from the majority opinion and would affirm the Court of Appeals.

COOPER and STUMBO, JJ., join this dissenting opinion.

---

**20.** *City of Lexington v. Edgerton*, 289 Ky. 815, 159 S.W.2d 1015, 1017 (1941) (emphasis in original) (quoting *Vansant v. Commonwealth*, 189 Ky. 1, 224 S.W. 367, 371 (1920)).

**21.** Of course, this conclusion does not mean that Appellant escapes criminal liability if he engaged in the alleged conduct. Although the indictment against Appellant does not allege facts that would, if proven, constitute Second–Degree Arson, I would observe, as the Court of Appeals did, that those facts would constitute Criminal Mischief under KRS Chapter 512.