RENDERED: SEPTEMBER 26, 2019
TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

## 2019-SC-000156-MR

DATE 10/22/19 JAF

BECKY HARILSON, IN HER OFFICIAL
CAPACITY AS ACTING CO-DIRECTOR OF
THE KENTUCKY LEGISLATIVE RESEARCH
COMMISSION AND DAVID FLOYD, IN HIS
OFFICIAL CAPACITY AS ACTING CO-
DIRECTOR OF THE KENTUCKY
LEGISLATIVE RESEARCH COMMISSION

APPELLANTS

|  |  |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>CASE NO. 2018-CA-001749-OA<br>FRANKLIN CIRCUIT COURT NO. 18-CI-00512 |

HON. PHILLIP J. SHEPHERD, JUDGE,
FRANKLIN CIRCUIT COURT

APPELLEE

AND

LEXINGTON H-L SERVICES, INC., D/B/A
LEXINGTON HERALD-LEADER

REAL PARTY IN INTEREST

## OPINION OF THE COURT BY JUSTICE HUGHES

## AFFIRMING

Appellants Becky Harilson and David Floyd, in their official capacities as

Acting Co-Directors of the Kentucky Legislative Research Commission (LRC),[1]

---

[1] The LRC is an independent agency in the legislative branch of state
government, composed of sixteen members of the leadership in the Kentucky Senate
and House of Representatives. Kentucky Revised Statute (KRS) 7.090(1),(2). David
Byerman was LRC's Director when this action started. Byerman filed a motion to
dismiss. Becky Harilson and David Floyd became Acting Co-Directors prior to the
circuit court's November 2018 denial of Byerman's motion.

seek a writ of prohibition preventing the Franklin Circuit Court from adjudicating an action filed by Lex H-L Services, Inc., d/b/a/ Lexington Herald-Leader (the Herald-Leader). In the underlying action, the Herald-Leader sought judicial review of LRC's determination that certain records requested by the Herald-Leader are not subject to disclosure under Kentucky's Open Records Act (ORA or Act). LRC contends that the General Assembly has not granted the circuit court subject-matter jurisdiction to hear the merits of the Herald-Leader's claims, and furthermore the circuit court's exercise of jurisdiction violates the separation of powers doctrine. The Court of Appeals concluded the Franklin Circuit Court has jurisdiction in this matter and denied the writ. For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following up on a news lead that an LRC employee had filed a complaint against Kentucky Representative Jim Stewart III alleging sexual harassment, a Herald-Leader reporter filed an open records request with then LRC Director David Byerman. The request, dated March 9, 2018, was for 1) records of a complaint filed against Stewart on or around February 6, 2015; 2) records of meetings held with Stewart on or around February 9, 2015; and 3) a copy of any agreement that said Stewart was not to have any contact with an LRC staffer. LRC's General Counsel responded to the request on March 14, 2018, stating that if records relating to the request were to exist, they were exempt

2

from disclosure under KRS 61.878(1)(a), (h), (i), and (j);[2] Section 43 of the Kentucky Constitution; and attorney-client privilege and attorney work product doctrine.

On March 26, 2018, the Herald-Leader sent a letter asking LRC to reconsider the prior response, specifically noting that records redacting the LRC staffer's identifying information pursuant to KRS 61.878(1)(a)'s personal privacy exemption would be accepted. LRC did not respond to this letter. On April 12, 2018, the Herald-Leader made its request under KRS 7.119(3) for LRC to review Director Byerman's denial of the Herald-Leader's request for documents. On May 14, 2018, LRC issued a decision affirming the Director's denial of the requested records.[3] On the same day, the Herald-Leader filed its complaint in Franklin Circuit Court challenging the Director's denial. After receiving LRC's decision, the Herald-Leader filed its amended complaint seeking review of that decision.

Director Byerman moved the circuit court to dismiss the action for lack of subject-matter jurisdiction. After that court denied the motion, LRC petitioned the Court of Appeals for a writ prohibiting the circuit court from

---

[2] LRC's response summarized its reasons for denying the requested records under KRS 61.878(1)(a), (h), (i), and (j) as they "would involve records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy, and/or the records would constitute preliminary drafts, notes, or correspondence with private individuals, and/or preliminary memoranda, and/or the records would be involved in administrative actions."

[3] LRC also cited Section 39 of the Kentucky Constitution as further grounds for denying the request.

proceeding without the requisite subject-matter jurisdiction. The Court of Appeals denied the petition, and this appeal followed.[4] Kentucky Rule of Civil Procedure (CR) 76.36(7).

## ANALYSIS

A writ is an extraordinary remedy, cautiously and conservatively granted. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). A writ of prohibition may issue when a lower court is acting on matters not within its subject-matter jurisdiction. *Goldstein v. Feeley*, 299 S.W.3d 549, 551-52 (Ky. 2009). "One seeking a writ when the lower court is acting 'outside of its jurisdiction' (the so-called first class of writ cases) need not establish the lack of an adequate alternative remedy or the suffering of great injustice and irreparable injury. Those preconditions apply only [in the second class of writ] when a lower court acts 'erroneously but within its jurisdiction.'" *Id.* at 552. "The court has subject matter jurisdiction when the 'kind of case' identified in the pleadings is one which the court has been empowered, by statute or constitutional provision, to adjudicate." *Daugherty v. Telek*, 366 S.W.3d 463, 467 (Ky. 2012) (citation omitted).

The lower court's grant or denial of a writ of prohibition is generally reviewed for an abuse of discretion. *Southern Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 926 (Ky. 2013) (citation omitted). However, when a question of

---

[4] LRC presented to the circuit court two other reasons this action should be dismissed — defective service of process and legislative immunity. These issues are not before this Court. As to the legislative immunity claim, LRC filed a separate appeal from the circuit court's order denying its motion to dismiss.

4

law is involved, we review that question *de novo*. *Id.*; *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004) ("*De novo* review will occur most often under the first class of writ cases, i.e., where the lower court is alleged to be acting outside its jurisdiction, because jurisdiction is generally only a question of law.").

LRC presents two arguments. First, it contends that the circuit court lacks subject-matter jurisdiction because the General Assembly has not bestowed such jurisdiction under KRS 7.119(3). Second, it insists that the courts generally lack jurisdiction based on the separation of powers doctrine. The Court of Appeals, addressing only the first argument, denied the writ because it concluded the circuit court properly exercised subject-matter jurisdiction under the relevant statutes. We begin by considering the statutory scheme.[5]

## I.  Franklin Circuit Court Has Subject-Matter Jurisdiction Under KRS 7.119

In *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978), this Court stated:

> There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy.

---

[5] LRC also presents the argument that KRS 7.119 is a set of waivable procedural rules. Because this argument was not presented to the Court of Appeals, we decline to address it on appeal. *See Henderson v. Commonwealth*, 438 S.W.3d 335, 343 (Ky. 2014).

Relying on *Flood*, LRC claims that the plain language of KRS 7.119 does not grant the circuit court jurisdiction to hear the Herald-Leader's claims. In short, LRC maintains that judicial review of open records requests addressed to the LRC Director is authorized only if LRC fails to act on an appeal from the Director's decision. In LRC's view, if it acts, either affirming or reversing its Director, the matter is closed, with no resort to the courts available.

Turning to the statute, KRS 7.119(3) provides for the inspection of legislative records by the public. It states in full:

> Requests for records or other documents in the custody of the Legislative Research Commission or the General Assembly shall be directed to the director of the Legislative Research Commission. Except for KRS 61.880(3),[6] provisions of the Open Records Act, KRS 61.870 to 61.884,[7] shall apply to a request for

---

[6] KRS 61.880(3) states:

> Each agency shall notify the Attorney General of any actions filed against that agency in Circuit Court regarding the enforcement of KRS 61.870 to 61.884. The Attorney General shall not, however, be named as a party in any Circuit Court actions regarding the enforcement of KRS 61.870 to 61.884, nor shall he have any duty to defend his decision in Circuit Court or any subsequent proceedings.

[7] The twelve statutes within the Act and their titles are 1) KRS 61.870: Definitions for KRS 61.870 to 61.884; 2) KRS 61.871: Policy of KRS 61.870 to 61.884; Strict Construction of Exceptions of KRS 61.878; 3) KRS 61.8715: Legislative Findings; 4) KRS 61.872: Right to Inspection; Limitation; 5) KRS 61.874: Abstracts, Memoranda, Copies; Agency May Prescribe Fee; Use of Nonexempt Public Records for Commercial Purposes; Online Access; 6) KRS 61.8745: Damages Recoverable by Public Agency for Person's Misuse of Public Records; 7) KRS 61.8746: Commercial Use of Booking Photographs or Official Inmate Photographs Prohibited; Conditions; Right of Action; Damages; 8) KRS 61.876: Agency to Adopt Rules and Regulations; 9) KRS 61.878: Certain Public Records Exempted from Inspection Except on Order of Court; Restriction of State Employees to Inspect Personnel Files Prohibited; 10) KRS 61.880: Denial of Inspection; Role of Attorney General; 11) KRS 61.882: Jurisdiction of Circuit Court in Action Seeking Right of Inspection; Burden of Proof; Costs; Attorney Fees; and 12) KRS 61.884: Person's Access to Record Relating to Him.

6

inspection or copies of documents or other items not set forth in subsection (2) of this section,[8] and except that a request for a review under KRS 61.880 of any determination by the director shall be made to the Legislative Research Commission, which shall issue its decision within thirty (30) days. If the Legislative Research Commission does not issue its decision on a review of the director's determination within thirty (30) days of submission to it of the matter, the director's determination may be appealed to the Franklin Circuit Court within sixty (60) days of its issuance. For purposes of this subsection, any reference to the Attorney General in KRS 61.880 and 61.882 shall be read as the Legislative Research Commission.

LRC interprets KRS 7.119(3) to mean that the cross-referenced ORA provisions (KRS 61.870 to 61.884 excepting KRS 61.880(3)) apply to the mechanics for handling a request for inspection, but not to a request for review. LRC views the introductory phrase "and except that a request for a review under KRS 61.880 of any determination by the director shall be made to the Legislative Research Commission," as replacing the entirety of KRS 61.880 and providing a more specific review process applicable to legislative branch records requests. The process it advocates limits review of the LRC Director's decision to the LRC itself. LRC further contends that KRS 7.119(3)'s plain language limits an appeal to the circuit court to *only* those cases where LRC

---

[8] KRS 7.119(2) states:

As used in subsection (1) of this section, "records" includes bills and amendments introduced in the Senate or House of Representatives, Senate and House Journals, Acts of the General Assembly, roll call votes, final reports of committees, Kentucky Administrative Regulations, documents showing salary and expenses paid to members of the General Assembly and all employees of the legislative branch, contracts, receipts and work orders for repairs or renovations to legislative offices or facilities, items cataloged in the legislative library, the Legislative Record, and informational and educational materials offered by the public information office, including legislative videotapes and photographs, calendars, and meeting notices.

7

fails to act within thirty (30) days on a matter submitted for review. Because LRC's decision affirming the Director's denial was issued within thirty days of the Herald-Leader's request for its review, LRC insists its decision is not subject to review in the circuit court.

The Herald-Leader counters that if the General Assembly intended to incorporate the ORA into KRS 7.119(3) only as to requests for records, it would not have incorporated KRS 61.880(1), (2), (4), and (5) — all provisions for enforcing a person's right to inspect records — or KRS 61.882, which expressly grants circuit court jurisdiction over ORA disputes. According to LRC, however, the General Assembly's use of the ORA statutory range, minus one exception, is a shorthand method for incorporation of the contextually relevant portions of the ORA.

Rules of statutory construction are used to give effect to the intent of the General Assembly. *Saxton v. Commonwealth*, 315 S.W.3d 293, 300 (Ky. 2010) ("Discerning and effectuating the legislative intent is the first and cardinal rule of statutory construction."); KRS 446.080(1) ("All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature . . . ."). That intent is derived from the plain reading of the statute's language unless the language is ambiguous. *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002). Furthermore, "[t]he statute must be read as a whole and in context with other parts of the law. All parts of the statute must be given equal effect so that no part of the statute will become

meaningless or ineffectual." *Lewis v. Jackson Energy Co-op. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005).

Applying these fundamental statutory construction principles, we find as a matter of law that the Franklin Circuit Court has subject-matter jurisdiction to review the LRC's open records request decision. With KRS 7.119(3)'s virtually wholesale incorporation of the ORA statutes, we find it beneficial to briefly examine the purpose of the Open Records Act and the review process prescribed when a public agency denies an ORA request before turning to the specifics of KRS 7.119(3).

In 1992, the General Assembly declared the policy of the Open Records Act relating to public agencies generally, KRS 61.870 to 61.884, "is that free and open examination of public records is in the public interest and the exceptions provided for by KRS 61.878 or otherwise provided by law shall be strictly construed, even though such examination may cause inconvenience or embarrassment to public officials or others." KRS 61.871.

KRS 61.880 and KRS 61.882 are the two statutes within the Open Records Act which detail how enforcement of the Act shall proceed. KRS 61.880(2)(a) sets forth the procedure by which a complaining party may request the Attorney General to review an agency's denial of an individual's records request, and unless unusual circumstances as defined in KRS 61.880(2)(b) are present, the twenty (20) day time frame by which the Attorney General must issue a written decision. Pursuant to KRS 61.880(5)(a), a "party shall have thirty (30) days from the day that the Attorney General renders his

decision to appeal the decision." KRS 61.880(5)(a) also states that an "appeal within the thirty (30) day time limit shall be treated as if it were an action brought under KRS 61.882." KRS 61.882(1) confers jurisdiction for enforcement of KRS 61.870 to 61.884 upon "[t]he Circuit Court of the county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained." Under this statute, a person alleging an ORA violation can go immediately to court without first seeking review by the Attorney General. KRS 61.882(2).

Enacted in 2003, KRS 7.119(3) details the manner in which a person may inspect records in the custody of the LRC or the General Assembly. We construe the statute by considering the plain meaning of each sentence in relation to the whole section.

The second sentence of KRS 7.119(3) states:

Except for KRS 61.880(3), provisions of the Open Records Act, KRS 61.870 to 61.884, shall apply to a request for inspection or copies of documents or other items not set forth in subsection (2) of this section, and except that a request for a review under KRS 61.880 of any determination by the director shall be made to the Legislative Research Commission, which shall issue its decision within thirty (30) days.

Significantly, KRS 7.119(3) expressly provides that all twelve of the ORA statutes, except a specific subsection of the enforcement statute — KRS 61.880(3) — shall apply to a request for inspection or copies of legislative records. In accordance with KRS 7.119(3) designating LRC, rather than the Attorney General, as the reviewing body for the LRC Director's denial of a records request, the General Assembly removed what would have been KRS

10

61.880(3)'s incongruent requirement that "[e]ach agency shall notify the Attorney General [(even though he shall not be named as a party in, or have a duty to defend his decisions, in any ORA enforcement actions in circuit court)] of any actions filed against that agency in Circuit Court regarding the enforcement of KRS 61.870 to 61.884." Since LRC steps into the Attorney General's shoes for purposes of reviewing requests for legislative documents, eliminating KRS 61.880(3) is logical.

Unlike the KRS 61.880(3) exception, however, no plain language in KRS 7.119(3) excepts any other ORA statutory section in its entirety. KRS 7.119(3) does provide two differences with a request for review under KRS 61.880 by stating that "except that a request for a review under KRS 61.880 of any determination by the director shall be made to the Legislative Research Commission, which shall issue its decision within thirty (30) days." As noted *supra*, KRS 61.880(2)(a) allows the Attorney General to review an agency's denial of records and to render a decision within twenty (20) days, excepting Saturdays, Sundays and legal holidays. In contrast, KRS 7.119(3) states that a request for a review of any determination by the LRC Director shall be made to the *LRC* and provides that the LRC shall issue its decision within *thirty (30)* days. These differences between KRS 61.880(2)(a) and KRS 7.119(3) do not negate the right to judicial review under KRS 61.880(5)(a) and KRS 61.882(1), provisions expressly incorporated into KRS 7.119(3).

KRS 7.119(3) next states:

> If the Legislative Research Commission does not issue its decision
> on a review of the director's determination within thirty (30) days of

11

submission to it of the matter, the director's determination may be appealed to the Franklin Circuit Court within sixty (60) days of its issuance.

This sentence provides instruction for handling situations when the LRC does not issue a timely decision after receiving a request to review the Director's determination. Again, it does not except the right to appeal a denial to the circuit court as provided in KRS 61.880 and KRS 61.882, statutes expressly incorporated into the legislative open records process, with the sole exception of KRS 61.880(3). Furthermore, KRS 7.119(3) specifically references and provides further direction for application of these two statutes in the next and final sentence.

KRS 7.119(3)'s last sentence is:

> For purposes of this subsection, any reference to the Attorney General in KRS 61.880 and 61.882 shall be read as the Legislative Research Commission.

KRS 61.880(2)(a), (5)(a), and (5)(b) provide text relevant to the review process at issue here. Following KRS 7.119(3)'s directive to substitute any reference to the "Attorney General" within KRS 61.880 with the "Legislative Research Commission," these provisions read as follows:

> If a complaining party wishes the [Legislative Research Commission] to review a public agency's denial of a request to inspect a public record, the complaining party shall forward to the [Legislative Research Commission] a copy of the written request and a copy of the written response denying inspection. If the public agency refuses to provide a written response, a complaining party shall provide a copy of the written request. The [Legislative Research Commission] shall review the request and denial and issue within twenty (20) days, excepting Saturdays, Sundays and

12

legal holidays, a written decision stating whether the agency violated provisions of KRS 61.870 to 61.884.[9]

KRS 61.880(2)(a).

> A party shall have thirty (30) days from the day that the [Legislative Research Commission] renders [its] decision to appeal the decision. An appeal within the thirty (30) day time limit shall be treated as if it were an action brought under KRS 61.882.

KRS 61.880(5)(a).

> If an appeal is not filed within the thirty (30) day time limit, the [Legislative Research Commission's] decision shall have the force and effect of law and shall be enforceable in the Circuit Court of the county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained.

KRS 61.880(5)(b).

As noted *supra*, KRS 61.882 is the statute which provides the circuit court with jurisdiction to resolve ORA inspection disputes. KRS 61.882(1). Within this statute, the only reference to the Attorney General is within subsection (3). Making the substitutions directed by KRS 7.119(3), it reads:

> In an appeal of [the Legislative Research Commission's] decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the court shall determine the matter de novo. In an original action or an appeal of [the Legislative Research Commission's] decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the burden of proof shall be on the public agency. The court on its own motion, or on motion of either of the parties, may view the records in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.

KRS 61.882(3).[10]

---

[9] As stated in KRS 7.119(3), the Legislative Research Commission has thirty (30) days to issue its decision.

[10] KRS 61.882's other subsections state in full:

13

In summary, the plain language of KRS 7.119(3) expressly incorporates all of the Open Records Act statutes except KRS 61.880(3); provides that the LRC (rather than the Attorney General) is the reviewer of its Director's determination and allows the LRC thirty (30) days to issue its decision (in contrast to the twenty (20) day limit imposed upon the Attorney General); and provides that for purposes of KRS 61.880 and 61.882, the two ORA enforcement statutes, any reference to the Attorney General must be read as a reference to the Legislative Research Commission. After fully incorporating into KRS 7.119(3) eleven ORA statutes in their entirety and all but subsection (3) of KRS 61.880, without explicit exceptions or directions otherwise provided

---

(1) The Circuit Court of the county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained shall have jurisdiction to enforce the provisions of KRS 61.870 to 61.884, by injunction or other appropriate order on application of any person.
(2) A person alleging a violation of the provisions of KRS 61.870 to 61.884 shall not have to exhaust his remedies under KRS 61.880 before filing suit in a Circuit Court.

. . . .

(4) Except as otherwise provided by law or rule of court, proceedings arising under this section take precedence on the docket over all other causes and shall be assigned for hearing and trial at the earliest practicable date.
(5) Any person who prevails against any agency in any action in the courts regarding a violation of KRS 61.870 to 61.884 may, upon a finding that the records were willfully withheld in violation of KRS 61.870 to 61.884, be awarded costs, including reasonable attorney's fees, incurred in connection with the legal action. If such person prevails in part, the court may in its discretion award him costs or an appropriate portion thereof. In addition, it shall be within the discretion of the court to award the person an amount not to exceed twenty-five dollars ($25) for each day that he was denied the right to inspect or copy said public record. Attorney's fees, costs, and awards under this subsection shall be paid by the agency that the court determines is responsible for the violation.

14

by the General Assembly, we cannot find that KRS 7.119(3) supports LRC's contention that the incorporated ORA statutes apply only as to the requests for records and not requests for review. Nor can we conclude that judicial review of an LRC decision is limited to when the LRC does not issue a decision within thirty (30) days. Furthermore, our plain language statutory interpretation rules do not allow a finding that the General Assembly incorporated the entire ORA statutory range, minus one subsection, in KRS 7.119(3) merely to avoid stilted drafting, a strategy which would also be noncompliant with the General Assembly's charge to enact legislation written in a clear and coherent manner. *See* KRS 446.015. Simply put, the incorporation of KRS 61.870 to 61.884 (minus KRS 61.880(3)) has clear meaning, *i.e.*, those statutes "shall apply." KRS 7.119(3). Additionally, the last sentence of KRS 7.119(3) plainly means something and under the LRC's theory of the review process it would be rendered meaningless.

When construing a statute, our duty is to effectuate the intent of the legislature, and that intent is derived from the statute's language. *Plowman*, 86 S.W.3d at 49. Since there is no ambiguity in KRS 7.119(3), it must be given its effect as written. *Griffin v. City of Bowling Green*, 458 S.W.2d 456, 457 (Ky. 1970) (citation omitted). In accordance with our rules of statutory construction, we conclude that under KRS 7.119(3), the Franklin Circuit Court

has subject-matter jurisdiction to adjudicate the underlying case arising from the Herald-Leader's legislative records request.[11]

## II. The Trial Court Does Not Lack Jurisdiction Based on the Separation of Powers Doctrine

Kentucky's Constitution establishes that the legislative, executive, and judicial branches are separate, each having its own powers, Section 27, and no branch "shall exercise any power properly belonging to either of the others, except in the instances . . . expressly directed or permitted," Section 28. LRC contends the lower courts' interpretation of KRS 7.119(3) violates the separation of powers doctrine and ignores the directly analogous circumstance in *Ex parte Farley*, 570 S.W.2d 617 (Ky. 1978), a case in which the judicial branch declared itself exempt from the entire ORA scheme.

In *Farley*, a public defender requested to inspect and copy records being compiled by AOC (Administrative Office of the Courts) pursuant to KRS 532.075(6)(c),[12] *id.* at 619, 621, records to be used by the Supreme

---

[11] Because KRS 7.119(3)'s language is unambiguous, we need not and do not address LRC's legislative history argument. *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011) (citation omitted) ("Only if the statute is ambiguous or otherwise frustrates a plain reading, do we resort to extrinsic aids such as the statute's legislative history . . . .").

[12] KRS 532.075(6) states:

The Chief Justice shall assign to an administrative assistant who is an attorney the following duties:
(a) To accumulate the records of all felony offenses in which the death penalty was imposed after January 1, 1970, or such earlier date as the court may deem appropriate.
(b) To provide the court with whatever extracted information it desires with respect thereto, including but not limited to a synopsis or brief of the facts in the record concerning the crime and the defendant.

16

Court to determine, upon review, "[w]hether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant," *id.* at 619. The *Farley* Court addressed the work-in-process accumulated by AOC stating:

> On its face, the Open Records Law, KRS 61.870-61.884, incl. (Ch. 273, Acts of 1976), appears to apply. Whether its provisions conflict with or are harmonious with KRS 26A.200-26A.220,[13] incl. (Ch. 22, Acts of 1976 Ex.Sess.), we need not decide, because we are firmly of the opinion that the custody and control of the records generated by the courts in the course of their work are inseparable from the judicial function itself, and are not subject to statutory regulation.

*Id.* at 624.

---

(c) To compile such data as are deemed by the Chief Justice to be appropriate and relevant to the statutory questions concerning the validity of the sentence.

[13] KRS 26A.200 and KRS 26A.220, respectively, provide:

(1) All records, as defined in KRS 171.410(1), which are made by or generated for or received by any agency of the Court of Justice, or by any other court or agency or officer responsible to such court created under the present Constitution, or a former Constitution, whether pursuant to statute, regulation, court rule, or local ordinance shall be the property of the Court of Justice and are subject to the control of the Supreme Court. (2) The Supreme Court shall determine which records were generated, made, or received by or for any court.

KRS 26A.200.

All public officers, public agencies, or other persons having custody, control, or possession of court records by statute or otherwise shall be subject to the direction of the Supreme Court with regard to such records and no such officer, agency, or person shall fail to comply with any rule, regulation, standard, procedure, or order issued by the Chief Justice or his designee.

KRS 26A.220.

Concentrating on the above-quoted sentence in which the Court states that its judicial function must not be encroached upon by the function of the legislative branch, LRC asserts that likewise the legislative branch cannot be encroached upon by the judicial branch. LRC argues that "'the custody and control of the records generated by the [Legislative Branch] in the course of [its] work are inseparable from the [legislative] function itself, and are not subject to [judicial] regulation,' except possibly in the narrow class of cases where the LRC remains silent on a request for review of a Director's decision."

We cannot agree that *Farley* supports a finding that the circuit court lacks jurisdiction in matters such as this based on the separation of powers doctrine. *Farley* (citing *City of St. Matthews v. Voice of St. Matthews, Inc.*, 519 S.W.2d 811 (Ky. 1974)),[14] recognizes that the legislative branch has the authority to establish policy regarding the disclosure of public records which fall within its purview. 570 S.W.2d at 625. Furthermore, as pointed out by the *Farley* Court, the General Assembly implicitly recognized the Court's authority over its own records with the passage of KRS Chapter 26A.200-26A.220, the Court of Justice records statutes.[15] KRS 26A.200 particularly states that the records generated for the Court of Justice are "the property of the Court of

---

[14] *City of St. Matthews*, 519 S.W.2d at 814, states: "The extent to which public records should be subject to inspection is a matter of public policy. Ordinarily we look to the General Assembly, as the most direct representatives of the people, to establish public policy in matters such as this . . . ."

[15] The Kentucky Open Records Act became effective June 19, 1976. KRS 26A.200-26A.220, addressing Court of Justice records, became effective March 19, 1977.

18

Justice and are subject to the control of the [Kentucky] Supreme Court." The *Farley* Court made clear that "with respect to records that belong to the courts and are a part of their ongoing work," consistent with separation of powers doctrine, the Court itself must articulate the public policy for disclosure of its records. *Id.*

> [W]ith respect to records that belong to the courts and are a part of their ongoing work, the only conclusion consistent with the constitutional right of control over their own records is that the public policy must be articulated by the courts themselves. We do not believe that this viewpoint represents any actual conflict with the policy intended by the General Assembly itself. KRS 26A.200, which was enacted at a later date than was the Open Records Law, implicitly recognizes it. As a matter of fact, KRS 26A.200 was drafted by AOC.

*Id.*

Undoubtedly, the legislative branch of government likewise has the authority to establish the rules and policies pertaining to the public's inspection of their legislative records, including the review process when the disclosure of requested records is denied. Indeed, the General Assembly has spoken through KRS 7.119, wherein it states (through incorporation of KRS 61.871) that examination of records in the custody of the LRC or the General Assembly is in the public interest, and establishes the rules and review process for a records request. Now, a question is raised as to the proper interpretation of that statute.

"It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. . . . This is of the very essence of

judicial duty." *Marbury v. Madison*, 5 U.S. 137, 177-78 (1803). "It was long ago settled that the interpretation of statutes is a proper judicial function . . . ." *Masonic Widows and Orphans Home and Infirmary v. City of Louisville*, 217 S.W.2d 815, 822 (Ky. 1948). The writ action before us involves that fundamental judicial function, interpretation of a controlling statute. Interpretation of a statute detailing review of a legislative records request is in no way an encroachment on the legislative function, it is a quintessentially judicial function.[16]

Finally, the primary question presented in this action is whether, pursuant to KRS 7.119(3), the Franklin Circuit Court has subject-matter jurisdiction over the underlying dispute. We conclude that it does, the legislature having granted that court jurisdiction to review denial of ORA requests, including those involving LRC. While LRC expounds upon Section 39 of the Kentucky Constitution, one of its grounds for denying disclosure of the requested records, as presenting a nonjusticiable political question, that issue is not properly before the Court in this writ action. In the exercise of its statutorily-granted jurisdiction, the circuit court will consider LRC's arguments that the requested records are exempt from disclosure under the eight grounds

---

[16] LRC compares the General Assembly's adoption of KRS 7.119 and the potential for Kentucky courts to decide through their opinions whether the legislative branch must disclose records related to a constitutionally authorized investigation into a member of the House of Representatives to this Court's adoption of an open records policy which prohibits disclosure of records relating to employee complaints, investigations, or decisions. Although LRC appears to argue otherwise, the fact that the General Assembly may have adopted different record disclosure rules than the Court of Justice does not present a separation of powers issue.

20

LRC cited when denying the records to the Herald-Leader, including Section 39.

## CONCLUSION

As a matter of law, the Franklin Circuit Court has subject-matter jurisdiction over the underlying action filed by the Herald-Leader. The Court of Appeals' denial of the writ is affirmed.

All sitting. Minton, C.J.; Buckingham, Lambert, VanMeter, and Wright, JJ., concur. Keller, J., concurs in result only.

COUNSEL FOR APPELLANTS:

Gregory Allen Woosley
Legislative Research Commission

COUNSEL FOR REAL PARTY IN INTEREST:

Thomas W. Miller
Elizabeth C. Woodford
MILLER, GRIFFIN & MARKS, P.S.C.

21