RENDERED: FEBRUARY 15, 2024
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0272-DG

RODNEY MCMILLIN, M.D.                                         APPELLANT

|  |  |
|---|---|
|  | ON REVIEW FROM COURT OF APPEALS |
|  | NO. 2020-CA-0052 |
| V. | JEFFERSON CIRCUIT COURT NO. 19-CI-04269 |

MARIO SANCHEZ; COMMUNITY MEDICAL             APPELLEES
ASSOCIATES, INC. D/B/A NORTON
IMMEDIATE CARE CENTERS-HIGHLANDS;
AND NATALIE KELSEY, M.D.

AND

2022-SC-0274-DG

MARIO SANCHEZ                                                APPELLANT

|  |  |
|---|---|
|  | ON REVIEW FROM COURT OF APPEALS |
|  | NO. 2020-CA-0052 |
| V. | JEFFERSON CIRCUIT COURT NO. 19-CI-04269 |

RODNEY MCMILLIN, M.D.; COMMUNITY             APPELLEES
MEDICAL ASSOCIATES, INC. D/B/A
NORTON IMMEDIATE CARE CENTERS-
HIGHLANDS; AND NATALIE KELSEY, M.D.

## OPINION OF THE COURT BY JUSTICE CONLEY

## AFFIRMING IN PART, REVERSING IN PART

Mario Sanchez brought a medical malpractice claim against Natalie

Kelsey, M.D., Rodney McMillin, M.D., and Community Medical Associates, Inc.

d/b/a Norton Immediate Care Centers. The trial court dismissed the claim

owing to Sanchez's failure to file a certificate of merit pursuant to KRS[1] 411.167. Sanchez filed a timely appeal whereupon the Court of Appeals remanded it back for the trial court to consider whether Sanchez's omission was due to excusable neglect under CR 6.02. This Court granted discretionary review, and upon review, we affirm the Court of Appeals' holding that Sanchez was required to file a certificate of merit but failed to do so. We reverse, however, the Court of Appeals' order remanding the case to the trial court, thereby affirming the judgment of the trial court.

## I.      FACTS AND PROCEDURAL BACKGROUND

The Kentucky General Assembly passed House Bill 429 (HB 429) in 2019. This law became effective on June 27, 2019. The General Assembly passed this bill in an attempt to alleviate the perceived problem of frivolous lawsuits. The certificate of merit law is now codified as KRS 411.167.  Soon after the law became effective Sanchez filed a suit alleging medical malpractice on July 15, 2019, against Natalie Kelsey, M.D., Rodney McMillin, M.D., and Community Medical Associates, Inc.[2]  Sanchez did not include a certificate of merit along with the complaint. Dr. McMillin filed a motion to dismiss on the grounds that Sanchez failed to comply with KRS 411.167. Sanchez countered by arguing that this was only required of *pro se* claimants, so it did not apply to parties represented by counsel. Sanchez also contended that his responses to defendant's request for admission supplied the same information as the certificate of merit and therefore he had, in effect, complied with KRS 411.167.

---

[1] Kentucky Revised Statutes.
[2] Hereinafter referred to as Dr. Kelsey, Dr. McMillin, and CMA, respectively.

2

The trial court rejected those arguments and held that all parties were required to file a certificate of merit whether represented or not. The trial court also held that Sanchez's compliance with discovery requests were not sufficient because the statute requires such information to be filed with the complaint. Sanchez also requested an extension of time in which to amend his complaint in order to file a certificate of merit. The trial court rejected this as well. The trial court held that the language of KRS 411.167 did not allow for such an extension.

The Court of Appeals upheld the trial court's ruling that KRS 411.167 applied to all claimants, whether represented by counsel or not, and determined that Sanchez had failed to comply with the law. The panel, however, vacated the trial court's order and remanded the matter for the trial court to determine whether the filing deadlines in KRS 411.167 were subject to extensions of time under CR 6.02 due to excusable neglect. Both parties then filed motions for discretionary review with this Court, which we granted. We will now address the merits of the appeal.

## II.  ANALYSIS

This case calls for this Court to interpret the requirements of KRS 411.167 for the first time. As statutory interpretation involves questions of law, "our review is de novo; and the conclusions reached by the lower courts are entitled to no deference." *Commonwealth v. Love,* 334 S.W.3d 92, 93 (Ky. 2011) (citing *Commonwealth v. McBride,* 281 S.W.3d 799, 803 (Ky. 2009)). When interpreting statutes, we must "effectuate the intent of the legislature." *Commonwealth v. Plowman,* 86 S.W.3d 47, 49 (Ky. 2002) (citing *Commonwealth*

3

*v. Harrelson,* 14 S.W.3d 541 (Ky. 2000)). "The most logical and effective manner by which to determine the intent of the legislature is simply to analyze the plain meaning of the statutory language[.]" *Stephenson v. Woodward,* 182 S.W.3d 162, 169-70 (Ky. 2005). "'[S]tatutes must be given their literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required.' We lend words of a statute their normal, ordinary, everyday meaning." *Id.* at 170 (citation omitted) (quoting *Commonwealth v. Plowman,* 86 S.W.3d 47, 49 (Ky. 2002).

In his brief before this Court, Sanchez argues that KRS 411.167 does not apply to parties represented by counsel; that he did in fact comply "technically and substantively"; and the trial court should have considered less severe alternatives than dismissal with prejudice. Sanchez also raises some issues now that allude to the statute's unconstitutionality. However, this Court will not address them because he failed to raise them properly below. Dr. McMillin, joined by the other defendants, argues the Court of Appeals should not have remanded the case back to the trial court and instead urges this Court to affirm the judgment of the trial court dismissing Sanchez's claims with prejudice.

### A. KRS 411.167 applies to all claimants whether represented by counsel or *pro se.*

Sanchez's argument that KRS 411.167 applies only to *pro se* claimants is grounded on his interpretation of KRS 411.167(1) when read in the context of

the Kentucky Rules of Civil Procedure, specifically CR 11. KRS 411.167(1) reads as follows:

> A **claimant** commencing any action identified in KRS 413.140(1)(e), or against a long-term-care facility as defined in KRS 216.510 alleging that the long-term-care facility failed to provide proper care to one (1) or more residents of the facility, shall file a certificate of merit with the complaint in the court in which the action is commenced.

(Emphasis added). Sanchez avers that since this section of the statute does not include "counsel," this Court should interpret this statute to apply only to claimants acting *pro se*. Buttressing his argument is his contention that since the overarching legislative purpose of KRS 411.167 is to prevent the filing of frivolous lawsuits, CR 11 and the Rules of Professional Responsibility already address those concerns. CR 11 states in part:

> The signature of an **attorney or party** constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(Emphasis added). Sanchez's argument here is undermined by a portion of the statute defining certificate of merit as provided by KRS 411.167(2). It states:

> The claimant has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Kentucky Rules of Civil Procedure and the Kentucky Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and who the **claimant or his or her counsel** reasonably believes is knowledgeable in the relevant issues involved in the particular action, and has concluded on the basis of review and consultation that there is reasonable basis to commence the action[.]

5

(Emphasis added). If, as Sanchez claims, the legislature only intended this statute to apply to *pro se* claimants, then it makes little sense for the General Assembly to insert language referring to "claimant or his or her counsel." Also, Sanchez completely ignores the language in CR 11 that applies to both attorneys and *pro se* litigants. Sanchez's argument is undone by its own logical inconsistency. Therefore, we affirm the Court of Appeals' holding that KRS 411.167 applied to all parties whether represented or not.

**B. Sanchez did not comply with the requirements of KRS 411.167**

Sanchez argues that even if this Court holds that represented parties are required to file a certificate of merit, then he did in fact do so. Sanchez claims that he complied under KRS 411.167(7), which reads as follows:

> The claimant, in lieu of serving a certificate of merit, may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure. Nothing in this section requires the disclosure of any "consulting" or nontrial expert, except as expressly stated in this section.

Sanchez argues that since he provided answers to the defendant's request for admissions, that satisfies the requirements as set forth in subsection 7. At the heart of Sanchez's arguments is that even if he did not technically, or strictly comply with KRS 411.167, he still substantially complied with the goals of the statute by eventually supplying the information required by the law. He thus urges this Court to hold this statute "directory" rather than "mandatory." As this Court held in *Travelers Indem. Co. v. Armstrong*:

> "In order to determine whether strict compliance or substantial compliance is sufficient to satisfy a statutory provision, it first must be determined whether the applicable provision is mandatory or directory." To determine whether a statute is mandatory or

6

directory, the Court looks "not on form, but on the legislative intent, which is to be ascertained by interpretation from consideration of the entire act, its nature and object, and the consequence of construction one way or the other."

565 S.W.3d 550, 566 (Ky. 2018) (citations omitted) (quoting *Knox Cnty. v. Hammons*, 129 S.W.3d 829, 842 (Ky. 2004)). Should this Court determine that the requirements of this statute were merely directory, as Sanchez urges, then this would render the statute completely toothless. In a recent case, a Federal District Court in the Eastern District of Kentucky, interpreting KRS 411.167 for the first time, reached the same conclusion. *Dumphord v. Gabriel*, No. 5:20-461-DCR, 2021 WL 3572658, at *5 (E.D. Ky. Aug. 12, 2021).

> Dumphord makes two arguments in response to Bourbon Community's motion. First, he contends that subsection 411.167(7) exempts him from filing a certificate of merit, so long as he eventually provides expert information. [Record No. 69, pp. 7–11] In his view, the lack of a specific time frame in that subsection means that the legislature intended to allow plaintiffs to provide the information any time after the filing of the complaint.[6] [*Id.*] But "[s]tatutes should be construed in such a way that they do not become ineffectual or meaningless," and "[a]ny apparent conflict between sections of the same statute should be harmonized if possible so as to give effect to both sections." *Lewis v. Jackson Energy Coop. Corp.*, 189 S.W.3d 87, 91 (Ky. 2005) (citations omitted).
>
> Dumphord's reading of the statute would render the certificate of merit requirement both ineffectual and meaningless. A proper reading of the statute, as a whole, indicates that before filing a complaint, plaintiffs have the choice to either file a certificate of merit *or* provide the defendants with expert information "in lieu of serving a certificate of merit." Ky. Rev. Stat. § 411.167(7). If plaintiffs could take advantage of subsection 411.167(7)'s exception at any time, the central requirement of the statute—that a certificate of merit be filed at the same time as the complaint—could be ignored in every case. Dumphord has provided utterly no support for his argument that the Kentucky General Assembly intended that result.

7

*Id.* While this Court is not bound by this interpretation of KRS 411.167, we do find this reasoning persuasive. Especially so, considering that Sanchez's preferred interpretation would not require litigants to change anything in the way a case is prosecuted from before the statute was enacted. The Court of Appeals, using similar logic, rejected Sanchez's interpretation. In its opinion below, the court stated:

> The statute uses the phrase "in lieu of" when referring to claimants providing the information in accordance with the Rules of Civil Procedure. This means the expert information must be provided to the defendants "in place of" the certificate of merit. In lieu of, BLACK'S LAW DICTIONARY (11th ed. 2019). Since KRS 411.167(1) requires the certificate of merit to be filed with the complaint, interpreting subsection (7) to allow claimants to provide the information a month or more after the commencement of an action and only after the defendants propounded discovery requests would be at odds with the plain language of the statute stating that the discovery must be provided "in lieu of" the certificate of merit.

We believe the Court of Appeals' interpretation of this subsection of KRS 411.167(7) is correct and is consistent with the plain meaning of the statute. The intent of the legislature was to protect medical professionals from having to defend themselves against frivolous or "nuisance" lawsuits. Should this Court validate Sanchez's interpretation it would frustrate the intent of the legislature by requiring defendants to hire an attorney, subject themselves to discovery, and only then could they avail themselves of the protection afforded by this statute.

**C. The Court of Appeals erred when it remanded the case to the trial court.**

The Court of Appeals remanded this case back to the trial court in order to make findings determining whether Sanchez could amend his complaint under CR 6.02 due to excusable neglect. Sanchez, in his response to the defendant's motion to dismiss for failure to file a certificate of merit, requested ten days leave to file one. When requesting an additional ten days to file, Sanchez did not allege any facts on which the court could determine whether his failure to file was the result of excusable neglect. It is also noteworthy that Sanchez failed to cite to CR 6.02 nor any caselaw when requesting an additional ten days to file a certificate of merit. The trial court denied this, stating, "[s]eeing nothing in KRS 411.167 that allows for such an extension, and the plaintiff providing the Court with no other rule or statute to support it, the Court denies the request." Sanchez's failure to adequately request relief under CR. 6.02 at the trial court should not redound to his benefit now. Sanchez had his opportunity to present any facts or argument to support his contention that his failure to file a certificate of merit was due to "excusable neglect" under CR 6.02 to the trial court. He failed to do so.

Sanchez also claims the trial court erred when it refused to consider any lesser sanctions other than dismissal. Aside from the fact that the "lesser sanction" Sanchez seeks is merely an enlargement of time, he points to our decision in *Ward v. Housman* and urges this Court to hold that trial courts should be required to consider the six factors in *Ward* prior to involuntary dismissal under CR 41.02. 809 S.W.2d 717 (Ky. App. 1991). However, *Ward* is inapplicable here. The trial court in *Ward* dismissed the action because

counsel had failed to comply with the court's scheduling order. *Id.* at 718. Here, the trial court cannot consider lesser sanctions for failing to comply with a *statute* when we have held that strict compliance is required. Therefore, this Court must overrule the Court of Appeals on this issue and thereby affirm the trial court's ruling dismissing Sanchez's claims with prejudice.

### III.    CONCLUSION

Based on the foregoing, we hereby affirm the Court of Appeals' holding that all claimants, whether represented by counsel or not, are required to file a certificate of merit and that Sanchez failed to do so. Additionally, this Court must reverse the Court of Appeal's decision remanding the case back to the trial court in order to determine whether Sanchez's failure to file the certificate is the result of excusable neglect under CR 6.02, as that specific relief was inadequately preserved, we affirm the trial court's order dismissing this action with prejudice.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

COUNSEL FOR APPELLANT/APPELLEE RODNEY MCMILLIN, M.D.:

Stephen S. Burchett
Michael G. Erena
Jennifer L. Horan
Jackson Kelly PLLC


COUNSEL FOR APPELLANT/APPELLEE MARIO SANCHEZ:

Jeffrey T. Sampson
The Sampson Law Firm

Kevin C. Burke
Jamie K. Neal
Burke Neal PLLC


COUNSEL FOR APPELLEES NATALIE KELSEY, M.D.; AND COMMUNITY
MEDICAL ASSOCIATIONS, INC. D/B/A NORTON IMMEDIATE CARE
CENTERS-HIGHLANDS:

Karen L. Keith
Virginia Leigh Schell
Stoll Keenon Ogden PLLC