THOMPSON, JUDGE:
*107 Mike L. Davis, as Trustee of the Davis Family Wealth Trust UAD 02/22/2010 and as Executor of the Estate of Robert L. Davis, appeals from an order of the Jefferson Circuit Court ruling that the Jefferson District Court possessed exclusive jurisdiction in this trust dispute. We conclude the circuit court has jurisdiction over matters within the concurrent jurisdiction of the circuit court and district court under the Uniform Trust Code, Kentucky Revised Statutes (KRS) Chapter 386B, and reverse and remand.
Before discussing the facts necessary to our resolution of the jurisdictional issue presented and so that those facts can be understood in context, we first provide the relevant statutory law. Two general statutes pertaining to the jurisdiction of the district and circuit courts, and KRS 386B.2-030 that specifically applies to trust matters, are pertinent.
KRS 23A.010(1) provides that the circuit court "has original jurisdiction of all justiciable causes not exclusively vested in some other court." The district court's general jurisdiction is derived from KRS 24A.020 which provides: "When jurisdiction over any matter is granted to District Court by statute, such jurisdiction shall be deemed to be exclusive unless the statute specifically states that the jurisdiction shall be concurrent."
In 2014, the Kentucky General Assembly enacted the Uniform Trust Code, KRS Chapter 386B. While the Code as adopted in Kentucky grants exclusive jurisdiction to the district court in certain matters,[1] KRS 386B.2-030 states as follows:
Except with regard to matters otherwise provided for by statute:
(1) The District Court and Circuit Court shall have concurrent jurisdiction of any proceedings in this Commonwealth brought by a trustee or beneficiary concerning any trust matter; and
(2) If a proceeding is initially brought in District Court concerning any trust matter, the jurisdiction of the District Court shall become exclusive with respect to such matter unless, within twenty (20) days of receipt of notice of such proceeding, a party files an action in Circuit Court relating to the same trust matter, in which event the District Court shall be divested of jurisdiction and the Circuit Court shall have exclusive jurisdiction over such action.
With the statutory law stated, we recite the limited facts necessary to resolve the legal issue presented.
Robert L. Davis died testate on October 23, 2010. Mike, Robert's son, is the trustee of the Davis Family Wealth Trust and the Executor of the Davis Estate. Jennie Lee *108 Davis is Robert's surviving spouse. Robert's will was admitted to probate on April 28, 2011, and Mike was appointed executor. After specific gifts, pursuant to the trust instrument, the remainder of the trust property was split into two separate trusts, the Family Trust and the Marital Trust.
On June 29, 2016, Jennie filed a "petition to require an accounting by the trustee" in the Jefferson District Court. Although she alleged Mike failed to provide an accounting, had transferred property in a manner not in keeping with terms of the trust, failed to divide the trust into two separate trusts and provide tax information, Jennie's sole request for relief was an order requiring an accounting by Mike.
On July 20, 2016, the Jefferson District Court entered an order compelling Davis to provide an accounting. After being provided the documents requested, on November 4, 2016, Jennie filed a motion in the Jefferson District Court seeking a declaration of rights, the suspension of Mike as trustee and appointment of a special fiduciary.
Jennie requested a declaration regarding which assets Mike, in his capacity as executor, should have transferred to the trust. She further requested a declaration that: (1) Mike wrongfully included the value of Jennie's personal property in calculating the value of the property included in the trust; (2) Mike wrongfully included in the trust the value of the home she and Robert owned; (3) Mike's compensation as trustee was unreasonably high; and (4) Mike breached his duties as trustee. Jennie requested that the district court appoint a special fiduciary and suspend Mike as trustee.
On November 22, 2016, Mike filed this action in the Jefferson Circuit Court. Count I of his petition sought a declaration that Jennie's and Roberts's marital residence should be included in the value of the trust property and Jennie should be estopped from challenging Mike's valuation of Jennie's personal property. As alternative relief, Mike sought a reformation of the trust to reduce the value of the assets in the trust by the value of the marital residence. He also sought a declaration that Jennie's filing of the district court action and her assertions therein, violated the trust's "no contest" provision.
On November 30, 2016, Jennie filed a motion to dismiss Mike's petition. She argued that the district court had exclusive jurisdiction over the disputes raised in the November 2016 motion and Mike's petition because he did not seek relief in the circuit court within twenty days of Jennie's June 2016 petition for an accounting as required by KRS 386B.2-030(2). Mike filed a response arguing that the circuit court had jurisdiction pursuant to KRS 386B.2-030(2) because the earlier petition for an accounting did not relate to the same trust matter as the November 2016 motion and he timely filed his action in circuit court.
The issue is whether the circuit court has subject matter jurisdiction. Subject matter jurisdiction refers to a court's authority "to hear and rule on a particular type of controversy." Nordike v. Nordike , 231 S.W.3d 733, 737 (Ky. 2007). As observed in Nordike , "[a] court either has it or it doesn't, though admittedly there are times when more than one court may have subject matter jurisdiction[.]" Id. at 738. We conduct a de novo review of a circuit court's determination that it lacks subject matter jurisdiction. Harrison v. Park Hills Bd. of Adjustment, 330 S.W.3d 89, 93 (Ky. App. 2011).
Our result depends on our construction of KRS 368B.2-030(2). The de novo standard is also applied to matters of statutory interpretation.
*109 Cumberland Valley Contractors, Inc. v. Bell County Coal Corp., 238 S.W.3d 644, 647 (Ky. 2007).
KRS 386B.2-030 permits a party to file an action in circuit court and divest the district court of jurisdiction in matters where both the district court and circuit court have concurrent jurisdiction if an action relating to the same trust matter is filed within twenty days of receiving notice of the district court proceeding. The circuit court concluded that the district court had exclusive jurisdiction because Jennie's petition for accounting in June 2016 related to the same trust matter as her petition filed in November 2016 and Mike did not file his petition in circuit court within twenty days of the earlier petition.
The initial question is when did the removal period commence. If Jennie's November 2016 motion raises a new trust matter unrelated to the June 2016 petition for accounting, the twenty-day removal period commenced on November 4, 2016, and Mike's petition was timely.
As observed by the circuit court, there is no published case law interpreting KRS 386B.2-030 and the meaning of the phrase "relating to the same trust matter." However, certain rules of statutory construction are applicable.
Our "seminal duty" is "to effectuate the intent of the legislature." Commonwealth v. Plowman, 86 S.W.3d 47, 49 (Ky. 2002). "The most logical and effective manner by which to determine the intent of the legislature is simply to analyze the plain meaning of the statutory language[.]" Stephenson v. Woodward , 182 S.W.3d 162, 169-70 (Ky. 2005). "[S]tatutes must be given their literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required." Plowman, 86 S.W.3d at 49. The words used in the statute are given their "normal, ordinary, everyday meaning." Id.
The circuit court concluded that "[a]ny motion made regarding the Davis Trust, whether it be in District Court or Circuit Court involve the 'same trust matter." ' Essentially, the circuit court ruled that once a trust matter is filed in district court and it is not timely removed to circuit court, the district court is vested with exclusive jurisdiction in all future matters involving the trust. The circuit court was incorrect.
Under the Uniform Trust Code, a trust is not necessarily under the active supervision of a court. KRS 386B.2-010(2). However, through the course of its administration various matters may arise requiring court intervention. That being true, KRS 386B- 2.010(3) states: "A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions, an action to declare rights, and an action to settle the trustee's accounts." Because the legislature recognized that there may be multiple trust matters litigated, the phrase "relating to the same trust matter" is not without significance. If the legislature intended to vest in perpetuum exclusive jurisdiction in either court, there would no need to use the words "same trust matter." If that were the legislative intent, KRS 386B.2-030 would state "relating to the same trust" or "relating to any trust matter." We conclude the time-period for removal commences whenever a new matter relating to the trust is filed.
The next question is whether Jennie's June 2016 petition for accounting related to the same trust matter as her November 2016 "motion for declaration of rights; motion for special fiduciary and suspension of the fiduciary under KRS 386B.10-010." While Jennie's purpose for filing her petition for an accounting in June 2016 may have been to obtain information to determine if Mike had breached *110 any of his fiduciary duties as trustee, the only relief sought was for an accounting, a matter within the exclusive jurisdiction of the district court. KRS 386B.8-130. However, after the district court issued its final order requiring an accounting, an accounting was provided by Mike and Jennie did not contest the sufficiency of that accounting; that particular trust matter was concluded.
Jennie's November 2016 motion asserted trust matters unrelated to her singular request for an accounting and, therefore, raised new trust matters. Although Mike timely filed his petition in circuit court, our inquiry is not concluded. Some of the trust matters relate to those over which the circuit court has concurrent jurisdiction and are removable to circuit court while some are within the exclusive jurisdiction of the district court and are not.
Jennie's claims regarding trustee compensation and for appointment of a special fiduciary are within the district court's exclusive jurisdiction. KRS 386B.7-080 ; KRS 386B.7-100. However, the claims for breaches of trust and appropriate remedies, including trustee suspension, are provided for in KRS Chapter 386B, Subchapter 10 and jurisdiction over those claims is not granted exclusively to the district court. Therefore, those trust matters fall within the concurrent jurisdiction of the circuit court and the district court and are removable to circuit court.
Mike's circuit court petition also raises multiple trust matters relating to the same matters raised in Jennie's district court petition. The matters concerning the marital residence, personal property value, and whether Jennie violated the no contest provision are within the concurrent jurisdiction provisions of KRS 386B.2-030(1). To the extent Mike seeks modification of the trust pursuant to KRS 386B.4-120, that matter falls within the exclusive jurisdiction of the district court. Reformation of the terms of the trust pursuant to KRS 386B.4-150 falls within the concurrent jurisdiction of the circuit court and district court.
Jennie argues that removing some matters to circuit court while keeping other matters in district court is inefficient and a drain on judicial resources by presenting the possibility of inconsistent judgments and piece-meal litigation.[2] Even if she is correct that the legislature has provided the possibility of multiple trust matters being litigated in multiple courts, the "text [of the statute] is the law." Owen v. University of Kentucky , 486 S.W.3d 266, 272 (Ky. 2016). It is evident that for whatever reason, the legislature intended to provide trustees and beneficiaries the right to initiate a circuit court action relating to the same trust matter brought in district court if both courts have concurrent jurisdiction.[3]
For the reasons stated, the order of the Jefferson Circuit Court is reversed, and the case remanded for proceeding consistent with this opinion.
ALL CONCUR.

KRS 386B.1-060 : Principal place of administration.
KRS 386B.1-090 : Nonjudicial settlement agreements.
KRS 386B.4-110(2) : Modifications or Termination of noncharitable irrevocable trusts by consent.
KRS 386B.4-120 : Modification or termination because of unanticipated circumstances or inability to administer trust effectively.
KRS 386B.4-140 : Modification or termination of uneconomic trust.
KRS 386B.4-160 : Modification to achieve settlor's tax objectives.
KRS 386B.4-170 : Combination and division of trusts.
KRS 386B.7-010 -7-090: OFFICE OF TRUSTEE (the entire subchapter).
KRS 386B.8-130 : Duty to inform and report.
KRS 386B.8-180 : Duties of trustee upon termination or upon removal of trustee; objection.
KRS 386B.10-120 : Certification of trust.

Jennie represents to the Court that while the Uniform Trust Code has been enacted in 32 states, KRS 386B.2-030 is the only jurisdictional statute enacted by any of those states.

Notably, the matters that fall within the concurrent jurisdiction are largely adversarial matters dependent on factual findings. Those matters in the exclusive jurisdiction of the district court are either non-adversarial or if adversarial, may be stayed pending resolution of any relevant factual determinations in circuit court.