RENDERED: DECEMBER 19, 2019
TO BE PUBLISHED



$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL
DATE 1/21/2020

2019-SC-000183-MR

PNC BANK, NATIONAL ASSOCIATION APPELLANT

ON REVIEW FROM COURT OF APPEALS
V. CASE NO. 2019-CA-000032
JEFFERSON CIRCUIT COURT NO. 17-CI-004509

HONORABLE BRIAN C. EDWARDS, APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT

AND

HOPE BOYD, ADMINISTRATRIX WWA OF THE REAL PARITES IN INTEREST
ESTATE OF FRANKIE S. HAGER; KENTUCKY
WESLEYAN COLLEGE AND INTERNATIONAL
BLUEGRASS MUSIC MUSEUM, INC.

**OPINION OF THE COURT BY JUSTICE VANMETER**

**REVERSING**

Appellant PNC Bank ("PNC"), appeals the decision of the Court of Appeals

granting in part and denying in part PNC's petition for a writ of prohibition.

PNC argues that the Court of Appeals erred by holding that the Jefferson

Circuit Court had concurrent jurisdiction over Appellee Hope Boyd's claims of

breach of fiduciary duty, breach of trust, breach of a confidential relationship,

while also alleging that the original settlor, Frankie Hager, lacked capacity and

was unduly influenced by PNC when she made changes to her trust in 2014.[1] While we acknowledge both parties' frustration and confusion over the underlying statutory framework, we find that the Jefferson District Court has exclusive jurisdiction of all breach of trust claims arising out of a KRS[2] 386B.8-180 proceeding. Thus, we reverse the Court of Appeals' decision and grant PNC's writ petition.

## I. Factual and Procedural Background.

This writ appeal stems from allegations made regarding the actions of PNC as trustee of the Frankie Scott Hager Revocable Trust. In early 2017, Boyd—at that time attorney-in-fact for Ms. Hager—removed PNC as trustee and appointed Commonwealth Bank and Trust Company ("Commonwealth Bank") as successor trustee. In May 2017, PNC sent notice to Boyd pursuant to KRS 386B.8-180 ("statutory notice") informing her that Commonwealth Bank had accepted appointment as the new trustee. The statutory notice also contained information regarding the Trust and alerted Boyd of her right to object "to any action or omission disclosed in the Trust Information." In June, Boyd sent PNC a list of objections to PNC's statutory notice including allegations of breach of fiduciary duty, breach of confidential relationship, lack of capacity, and undue influence regarding administration of the trust and the transfer of

---

[1] Both parties raise several issues regarding the merits of this trust litigation. However, as this is a review of a writ petition, we will address only the jurisdictional arguments and leave the remaining issues to the appropriate lower courts.

[2] Kentucky Revised Statutes.

$1,032,930.60 to two separate trusts for the benefit of Kentucky Wesleyan College and the International Bluegrass Music Museum, Inc.

On August 18, pursuant to KRS 386B.8-180, PNC filed a petition in Jefferson District Court to approve its statutory notice. Three days later, Boyd and Ms. Hager filed an action against PNC in Jefferson Circuit Court alleging breach of fiduciary duty, breach of trust, breach of confidential relationship, a contest of the charitable trust agreements (hereinafter "breach of trust claims"), and demanded injunctive relief, damages, and an accounting. Boyd and Ms. Hager also filed for removal of the district court action to circuit court. The circuit court denied PNC's motion for dismissal of the circuit court action and PNC's subsequent motion to vacate.[3] Following these denials, PNC petitioned for a writ of prohibition in the Court of Appeals alleging the circuit court lacked subject matter jurisdiction. The Court of Appeals granted in part and denied in part, holding that while the district court had exclusive jurisdiction over some claims raised via KRS 386B.8-180, concurrent jurisdiction existed for the breach of trust claims brought under the separate circuit court action. PNC now appeals the Court of Appeals' decision.

## II. Analysis.

PNC asserts that the Court of Appeals erred by determining that the circuit court and district court have concurrent jurisdiction over Boyd's breach of trust claims. PNC asks this Court for a writ prohibiting the circuit court

---

[3] Mrs. Hager passed away on February 25, 2018, and Boyd was named personal representative of her estate.

3

from hearing such claims. First, we note that the "issuance of a writ is an extraordinary remedy that is disfavored by our jurisprudence." *Caldwell v. Chauvin*, 464 S.W.3d 139, 144 (Ky. 2015) (citation omitted). Further, "the issuance of a writ is inherently discretionary" and even upon a showing that the "requirements are met and error found, the grant of a writ remains within the sole discretion of the Court." *Id.* at 145–46 (citation omitted).

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Id.* at 145 (quoting *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004)). PNC's argument falls under the first class of writs.

The issue before us is whether a circuit court has subject matter jurisdiction in an action for breach of trust when similar arguments were raised in KRS 386B.8-180 objections sent to a trustee and which the trustee subsequently files in district court. Subject matter jurisdiction is the court's authority "to hear and rule on a particular type of controversy." *Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky. 2007). KRS 386B.8-180 was passed by the legislature in 2014 as part of Kentucky's Uniform Trust Code. However, this section is unique to Kentucky and has not yet been heavily litigated in our appellate courts. At first glance, the statute gives exclusive jurisdiction to the district court for matters falling under the statute. KRS 386B.8-180(6).

4

Therefore, we must determine if breach of trust claims are governed by this statute.

Once a trustee gives "notice and trust information" after removal, KRS 386B.8-180[4] provides, in pertinent part:

> (2)(b) Any person provided notice and trust information as described in paragraph (a) of this subsection who objects to an action or omission disclosed shall provide written notice of the objection to the trustee within forty-five (45) days of the notice having been sent by the trustee. **If no written objection is provided within the forty-five (45) day time period, the information provided pursuant to paragraph (a) of this subsection will be considered approved,** and the trustee shall, within a reasonable period following the expiration of such forty-five (45) day period, distribute the assets to the successor trustee. If the trustee receives a written objection within the applicable forty-five (45) day time period, the trustee **may:**
>
> 1. **Submit the written objection to the District Court for resolution** and charge the expense of commencing such a proceeding to the trust; or
>
> 2. Resolve the objection with the opposing party, whether by nonjudicial settlement agreement or otherwise. Any agreement entered into pursuant to this paragraph may include a release, an indemnity clause, or both on the part of the opposing party against the trustee relating to the trust. If the parties agree to a nonjudicial settlement agreement, any related expenses shall be charged to the trust.
>
> Upon a resolution of any objection raised by an opposing party pursuant to subparagraph 1. or 2. of this paragraph, within a reasonable period of time thereafter the trustee shall distribute the remaining trust assets as provided in the trust.
>
> ...
>
> (3) When a trustee distributes assets of the trust pursuant to subsection (1) or (2) of this section, **the limitations in KRS 386B.6-040 and 386B.10-050 are waived by each person who**

---

[4] "Duties of trustee upon termination or upon removal of trustee; objection[.]"

**received notice and either consented or failed to object pursuant to this section, and any such person is barred from bringing a claim against the trustee for breach of trust or challenging the validity of the trust**, to the same extent and with the same preclusive effect as if the court had entered a final order approving the trustee's final account.

(emphasis added).

Therefore, in order for a plaintiff to avoid waiving any breach of trust claims, she must send any objections to the trustee within 45 days of receiving statutory notice. Notably, these objections are not filed with any court, but are merely sent to the trustee with a purported goal of encouraging an out-of-court resolution to any objections raised by "[a]ny person provided notice and trust information[.]" KRS 386B.8-180(2)(b). Upon receiving the objections, the trustee may either submit the objections to the district court or "[r]esolve the objection with the opposing party, whether by nonjudicial settlement agreement or otherwise." KRS 386B.8-180(2)(b)(1)-(2). Here, PNC followed the statute and filed the objections with the district court for resolution.

KRS 386B.2-030—the Kentucky Uniform Trust Code's subject matter jurisdiction subchapter—provides:

**Except with regard to matters otherwise provided for by statute:**

(1) The District Court and Circuit Court shall have concurrent jurisdiction of any proceedings in this Commonwealth brought by a trustee or beneficiary concerning any trust matter; and

(2) If a proceeding is initially brought in District Court concerning any trust matter, the jurisdiction of the District Court shall become exclusive with respect to such matter unless, within twenty (20) days of receipt of notice of such proceeding, a party files an action in Circuit Court relating to the same trust matter, in which event the District Court shall be divested of

6

jurisdiction and the Circuit Court shall have exclusive jurisdiction over such action.

(emphasis added). Three days after PNC filed a Petition to Approve Trustee's KRS 386B.8-180 notice in district court, Boyd, in a purported attempt to invoke circuit court jurisdiction under KRS 386B.2-030(2), filed an original action in Jefferson Circuit Court alleging breach of trust claims. PNC argues that the circuit court lacks jurisdiction to hear these claims because they are essentially the same as those asserted in Boyd's objections to PNC's statutory notice and that statute specifically mentions breach of trust claims in its section on waiver of claims. KRS 386B.8-180(3). KRS 386B.8-180(6) unambiguously provides, "[t]he District Court shall have exclusive jurisdiction over matters under this section." Yet, Boyd asserts that simply because a statute refers to a type of claim does not mean the claim is specifically governed by that statute.[5] We acknowledge that breach of trust claims typically arise under a separate statute, KRS 386B.10-010(1), which states, "[a] violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." However, KRS 386B.8-180(3)'s waiver provision directly places breach of trust issues arising under a final accounting—regarding termination or removal of a trustee—within the purview of a KRS 386B.8-180 proceeding. A procedure involving a final accounting, which is conclusive as to the liability of

---

[5] Boyd further contends that KRS 386B.8-180 is unconstitutional in various ways, including that it violates Section 59 of the Kentucky Constitution's prohibition on special legislation. We find that none of these claims have merit and warrant no further discussion.

7

a trustee, entails resolution of all matters involving the trust. Thus, the district court possesses exclusive jurisdiction over **any breach of trust claims raised in a KRS 386B.8-180 objection which is subsequently filed by the trustee in district court** for resolution in accordance with the statute.[6]

This opinion should not be read as holding that circuit courts have no jurisdiction to decide breach of trust or fiduciary duty claims of the type made by Boyd. If, for example, she had filed her action in circuit court prior to removing PNC as trustee, or prior to PNC's filing its petition in district court, the circuit court's jurisdiction would have been proper under the concurrent jurisdiction provisions of KRS 386B.2-030.

We also note that the Court of Appeals, in granting in part and denying in part PNC's petition for a writ of prohibition, relied on its decision in *Davis v. Davis*, 563 S.W.3d 105 (Ky. App. 2018). Without getting too bogged down in the specific facts of *Davis*, we simply note that they entailed interpretation of the concurrent jurisdiction provision of KRS 386.2-030. The Court of Appeals correctly noted two of the sections which grant exclusive jurisdiction to district

---

[6] We also see no merit to Boyd's argument that district courts are ill-equipped to oversee contested breach of trust claims. District courts have exclusive jurisdiction over several types of contested matters involving settlements. *See* KRS 387.020(1) ("District Courts shall have exclusive jurisdiction for the appointment and removal of guardians, limited guardians, and conservators for minors, and for the management and **settlement of their accounts**[]".) (emphasis added); *Karem v. Bryant*, 370 S.W.3d 867, 870 (Ky. 2012) ("In both guardianship and in probate proceedings the district court has exclusive jurisdiction to oversee the management and **settlement of accounts**[]".) (emphasis added); *see also Maratty v. Pruitt*, 334 SW.3d 107, 111 (Ky. App. 2011) (regarding probate matters, "the legislature has given the district court jurisdiction over the settlements and accounts of fiduciaries, even those that might be contested[]").

court, *i.e.,* KRS 386B.7-080 and 386B.7-100, and stated, generally, that "claims for breaches of trust and appropriate remedies, including trustee suspension, are provided for in KRS Chapter 386B, Subchapter 10 and jurisdiction over those claims is not granted exclusively to the district court." 563 S.W.3d at 110. We do not reach a contrary result. Instead, we merely hold that under the facts of this case, wherein a trustee has filed its petition for approval of its 386B.8-180 notice and final accounting in district court, resolution of those matters necessarily encompasses any claims of breach of trust or fiduciary duty, and, further, the legislature has given exclusive jurisdiction to district court. KRS 386B.8-180(6). The facts of *Davis* did not implicate KRS 386B.8-180.

### III. Conclusion.

Accordingly, because PNC followed proper statutory procedure, any matters within Boyd's circuit court breach of trust action identical to those raised in the KRS 386B.8-180 proceedings are exclusively within the jurisdiction of the district court. Therefore, we reverse the Court of Appeals' decision[7] and remand to that court with direction to enter a writ of prohibition consistent with this opinion.

All sitting. All concur.

---

[7] The Court of Appeals correctly recognized district court's exclusive jurisdiction over certain aspects of Boyd's claim, granting PNC's writ in part. As we hold herein, PNC's writ should have been granted in full.

9

COUNSEL FOR APPELLANT:

John R. Cummins
Janet Jakubowicz
Brent Robert Baughman
Rachel Alyce Washburn
BINGHAM GREENEBAUM DOLL LLP

Michael D. Risley
STITES & HARBISON, PLLC

COUNSEL FOR APPELLEE:

Not Represented by Counsel

COUNSEL FOR REAL PARTY IN INTEREST,
HOPE BOYD, ADMINISTRATRIX WWA OF
THE ESTATE OF FRANKIE S. HAGER:

Edward H. Bartenstein
Daniel M. Oyler
PARRENT & OYLER

COUNSEL FOR REAL PARTY IN INTEREST,
KENTUCKY WESLEYAN COLLEGE:

Carol Dan Browing
Neil Edward Barton
STITES & HARBISON, PLLC

COUNSEL FOR REAL PARTY IN INTEREST,
INTERNATIONAL BLUEGRASS MUSIC MUSEUM, INC.:

John David Meyer