RENDERED:  MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0178-MR

DARRIE RUSHIN																				APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.						HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 13-CR-000042


COMMONWEALTH OF KENTUCKY,
KENTUCKY JUSTICE AND PUBLIC
SAFETY CABINET, KENTUCKY
DEPARTMENT OF CORRECTIONS						APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Darrie Rushin appeals the Jefferson Circuit Court order, entered

January 4, 2022, dismissing his motion for a declaration of rights.  After careful

review of the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2014, Rushin was convicted of two KRS[1] Chapter 510 sex offenses, among other crimes, and was sentenced to seven years to serve. After completing his sentence, Rushin was released on mandatory post-incarceration supervision on December 19, 2018, but violated supervision and was reincarcerated on January 2, 2020. In May 2021, Rushin sought administrative review of his sentence calculation by the Department of Corrections (DOC). His release date is presently set for December 26, 2023. In his administrative review, Rushin argued he was being wrongfully denied eligibility for sentence credit that would ultimately reduce the length of his present incarceration. DOC disagreed, and Rushin's subsequent administrative appeal was likewise denied.

On September 10, 2021, Rushin filed the underlying motion for declaration of rights and injunctive relief, reiterating his claim of entitlement to sentence credit.[2] DOC responded arguing the court could not consider the merits of Rushin's claim under separation of powers considerations, and alternatively, Rushin was incorrect. Agreeing with the former, the court denied relief, and this appeal followed.

---

[1] Kentucky Revised Statutes.

[2] Ordinarily, this type of relief is sought via an original action in order to effectuate proper service on DOC, an indispensable party. *See Mason v. Commonwealth*, 331 S.W.3d 610, 629 (Ky. 2011). However, we proceed with our review as the issue has not been raised, and DOC has actively participated both in the lower court and in these proceedings.

# LEGAL ANALYSIS

On appeal, Rushin renews his argument that he is eligible for sentence credit and asserts the court erred in concluding it was unable to consider the merits of his claim.

In its order dismissing, the court found "the above case involves an issue within the jurisdiction of [DOC] as a unit of the Executive Branch of Government and the Court is thereby bound by the Separation of Powers Doctrine of Section 28[3] of the Kentucky Constitution." While not specified in the order on appeal, the court's decision is akin to a dismissal for failure to state a claim upon which relief can be granted pursuant to CR[4] 12.02(f). Dismissal under this rule is proper only if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved." *Gray v. Dep't of Corr.*, 606 S.W.3d 645, 651 (Ky. App. 2020) (citations omitted). As a question of law, our review is *de novo*. *Id.*

Arguing the court correctly determined judicial review was not permissible, DOC asserts that by statute it alone – not the courts – is authorized to determine the release dates of prisoners and, through its Division of Probation and

---

[3] Provides that "[n]o person or collection of persons, being of [the legislative, executive, or judicial departments of the government of the Commonwealth of Kentucky], shall exercise any power properly belonging to either of the others[.]"

[4] Kentucky Rules of Civil Procedure.

Parole, to supervise persons subject to post-incarceration supervision. KRS 196.070(1)(d); KRS 532.043(4); KRS 196.026(4)(a); *see also Winstead v. Commonwealth*, 327 S.W.3d 479, 483 (Ky. 2010). Additionally, DOC contends that the Kentucky Supreme Court's acknowledgment in *Bowling v. White*, 480 S.W.3d 911 (Ky. 2015), of the sole jurisdiction of DOC over matters pertaining to an inmate's confinement precludes judicial interference. We, however, disagree.

KRS 418.040 provides that when "an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights[.]" It has long been recognized that declaration of rights actions have "become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with [DOC]." *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997) (citing *Polsgrove v. Kentucky Bureau of Corr.*, 559 S.W.2d 736 (Ky. 1977); *Graham v. O'Dea*, 876 S.W.2d 621 (Ky. App. 1994)). Additionally, since 2002, the plain language of KRS 454.415(1) clearly contemplates that an inmate may challenge sentence calculation and custody credits by a civil action in court so long as they have previously exhausted their administrative remedies with DOC. The role of the court in such actions is limited to reviewing DOC's judgment, "with due deference, to ensure that [it] comports with the legal restrictions applicable to it."

*Smith*, 939 S.W.2d at 355. DOC's insistence that this historically and statutorily sanctioned method of review was barred in *Bowling* is not persuasive.

*Bowling* dealt with the discrete issue of whether DOC was authorized to correct a sentencing court's erroneous denial of an inmate's custody credits given an amendment to KRS 532.120(3), which transferred the power to award this credit from the purview of the sentencing court to DOC. In that context, the *Bowling* Court outlined generally that the trial court has exclusive power to render a sentence and the executive branch the exclusive "power to award good-time credit, to parole, to conditionally discharge a convicted person, or to otherwise determine when the sentence had been served out or the person was otherwise entitled to release." 480 S.W.3d at 916. However, the Court neither explicitly nor implicitly foreclosed proper judicial review of the decisions made by either branch. Indeed, *Bowling* arose from a civil action, albeit a Habeas Corpus proceeding, and our appellate courts have continued to review DOC's sentencing determinations since *Bowling* was rendered.[5]

Further, the Supreme Court of Kentucky rejected a similar separation of powers argument somewhat recently in *Harilson v. Shepherd*, 585 S.W.3d 748,

---

[5] *See Kentucky Dep't of Corr. v. Dixon*, 572 S.W.3d 46 (Ky. 2019) (upholding DOC's determination that the inmate was ineligible for sentencing credits on his consecutive sentences for both violent and non-violent offenses) and *Goben v. Keeney*, 626 S.W.3d 692 (Ky. App. 2021) (reversing DOC's determination that an inmate was ineligible for parole).

758-59 (Ky. 2019). At issue therein was whether the court was empowered to review the Legislative Research Commission's denial of an open records request pursuant to KRS 7.119(3). *Id.* at 750. Rejecting the claim this violated separation of powers, the court stated:

> "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule . . . . This is of the very essence of judicial duty." *Marbury v. Madison*, 5 U.S. 137, 177-78, 1 Cranch 137, 2 L. Ed. 60 (1803). "It was long ago settled that the interpretation of statutes is a proper judicial function . . . ." *Masonic Widows and Orphans Home and Infirmary v. City of Louisville*, 309 Ky. 532, 217 S.W.2d 815, 822 (1948). The writ action before us involves that fundamental judicial function, interpretation of a controlling statute. Interpretation of a statute detailing review of a legislative records request is in no way an encroachment on the legislative function, it is a quintessentially judicial function.

*Id.* at 758-59.

As Rushin's claim also turns on the interpretation of statute, we conceive no basis to distinguish the case at bar; accordingly, we agree the court erred in determining it could not review DOC's judgment. However, we may nevertheless affirm the order on appeal if we conclude Rushin's claim is without merit. *See Fischer v. Fischer*, 348 S.W.3d 582, 591 (Ky. 2011), *abrogated on other grounds by Nami Res. Co., L.L.C. v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018). As a question of statutory interpretation, our review is *de*

-6-

*novo*. *Davis v. Davis*, 563 S.W.3d 105, 108-09 (Ky. App. 2018) (citing

*Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644,

647 (Ky. 2007)).

The issue before us is whether DOC's determination that KRS

532.060(3) requires Rushin to serve the entire remaining period of post-

incarceration supervision without reduction via time credit is erroneous as a matter

of law. Rushin argues that DOC's interpretation is contrary to the plain language

since the statute affords DOC discretion, and alternatively, the statute is in direct

conflict with KRS 197.045 which – as the most recent and more specific statute –

controls. In support of his claims, Rushin asserts the Supreme Court of Kentucky

in *McDaniel v. Commonwealth* held that conditional discharge[6] – the prior iteration

of post-incarceration supervision – along with the underlying sentence to a term of

years constitute a single sentence and, thus, since he benefitted from sentence

credit prior to his release on post-incarceration supervision, he remains eligible to

receive time credit to reduce his present incarceration. 495 S.W.3d 115 (Ky.

2016). Though a matter of first impression, we agree with DOC that a plain

reading of the applicable statutes refutes Rushin's claim of entitlement.

KRS 532.060(1) establishes that the conviction of a felony carries an

indeterminate *sentence* for which the permissible range of years varies by the class

---

[6] The terminology was changed pursuant to 2011 Ky. Acts ch. 2, § 91 (eff. Mar. 3, 2011).

of felony at issue. "In addition to the penalties authorized by law, any person convicted of, [a KRS Chapter 510 felony offense] shall be subject to *a period of post-incarceration supervision following release from . . . [i]ncarceration upon expiration of sentence*[.]" KRS 532.043(1)(a) (emphasis added); *see also* KRS 532.060(3). "[I]f a defendant violates the provisions of post-incarceration supervision, the defendant may be reincarcerated for: (a) The remaining period of his initial sentence, if any is remaining; and (b) The entire period of post-incarceration supervision, or *if the initial sentence has been served, for the remaining period of post-incarceration supervision*." KRS 532.060(3) (emphasis added). Finally, KRS 197.045 provides for mandatory and discretionary "credit on [an inmate's] *sentence*[;]" with the caveat that eligible sex offenders must complete DOC's treatment program to receive the benefit thereof. (Emphasis added.)

As an initial point, we reject Rushin's contention that DOC is afforded any discretion regarding the duration of reincarceration for post-incarceration supervision. It is true that KRS 532.060(3) provides "the defendant may be reincarcerated" and the term may ordinarily denote a permissive action. *See* KRS 446.010(26). However, the referenced discretion merely extends to whether DOC elects to revoke a defendant's post-incarceration supervision after finding that a violation has occurred, and if so, whether to reinstate supervision or reincarcerate

-8-

the individual.  *See* KRS 439.440; 501 KAR[7] 1:080; KYPB[8] 30-02(C)(4).  But if reincarcerated, KRS 532.060(3)(a)-(b) provides conclusive instructions pertaining to the duration of imprisonment.  Consequently, Rushin's claim fails.

Turning to Rushin's second argument, we are likewise unpersuaded that KRS 197.045 applies to his present incarceration.  Contrary to Rushin's assertion that the statute's grant of credit on a sentence encompasses both the term of years under KRS 532.060(1)-(2) and the five-year period of post-incarceration supervision set out in KRS 532.060(3), the relevant statutory provisions consistently differentiate between the two punishments, and nothing indicates a legislative intent to provide credit on the latter.  Indeed, the legislature has demonstrated the opposite intent by expressly requiring reincarceration for the entire or remaining period of post-incarceration supervision and, in the same statute, excluding post-incarceration supervision in its acknowledgment that the actual service on the term-of-years sentence may be reduced.  KRS 532.060(5).[9] Rushin's contention that *McDaniel* necessitates a different conclusion is unavailing.

---

[7] Kentucky Administrative Regulations.

[8]  Kentucky Parole Board Policies and Procedures.

[9]  "The actual time of release within the maximum established [for the indeterminate sentence] by subsection (1) . . . shall be determined under procedures established elsewhere by law."

In its facts, the *McDaniel* Court recounted that the appellants had argued in circuit court that conditional discharge, as a second sentence, violated double jeopardy. 495 S.W.3d at 119. Then, in a footnote, the Court stated that, "although an addition to the term-of-years sentence[, conditional discharge] is not a 'second' punishment imposed in the course of a 'second' jeopardy, as disallowed by the Double Jeopardy Clause, but is merely a portion of a single sentence imposed in the course of the original jeopardy." *Id*. at 119 n.3. Plainly, the case is not directly on point. Additionally, because the double jeopardy claim was abandoned both on direct appeal and on discretionary review, the language relied upon is merely dicta and not authoritative. *See Cawood v. Hensley*, 247 S.W.2d 27, 29 (Ky. 1952) (citations omitted). And, finally, though dicta may be persuasive, we afford the Court's statement no weight in this matter since a double jeopardy analysis rests upon wholly separate concerns. Accordingly, Rushin's assertion of entitlement is without merit.

**CONCLUSION**

Therefore, and for the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Darrie Rushin, *pro se*                 Robert Chaney
La Grange, Kentucky                     Frankfort, Kentucky